IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Phillip C. Reeves, *also known as Exquire*, | ) | Case No. 0:26-cv-02296-SAC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Scotty Bodiford, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1] ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On July 24, 2026, the Magistrate Judge issued an Order and Report and Recommendation ("Report") recommending the Petition be dismissed without prejudice and without requiring Respondent to file a return. ECF No. 9. The Magistrate Judge advised Petitioner of the procedures and requirements of filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 5. Petitioner's objections were docketed on August 6, 2026. ECF No. 12.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a *de*

[1] Petitioner has filed three prior § 2241 petitions challenging his arrest and detention. *See* Petition for a Writ of Habeas Corpus, *Reeves v. Macintosh*, No. 0:26-cv-00872-CMC (D.S.C. Mar. 3, 2026), ECF No. 1; Petition for Writ of Habeas Corpus, *Reeves v. Bodiford*, No. 0:26-cv-00114-CMC (D.S.C. Jan. 12, 2026), ECF No. 1; Petition for Writ of Habeas Corpus, *Reeves v. Bodiford*, No. 0:24-cv-07650-CMC (D.S.C. Dec. 26, 2024), ECF No. 1.

*novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Because Petitioner is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985)).

"To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the Court need only review for clear error "those portions which are not objected to — including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the

magistrate's recommendation for clear error only"); *Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was nonspecific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed] the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the Magistrate Judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

## **ANALYSIS**

The Magistrate Judge recommends dismissing this action because Petitioner's claims are not properly before the Court based on the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971). ECF No. 9 at 3. Petitioner's state court criminal proceedings are ongoing, and the Magistrate Judge accordingly determined this case meets the test set forth by *Younger*. *Id.*

Petitioner objects, arguing under *Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975), that an order to hold a preliminary hearing would not be prejudicial to the merits of a state court trial. ECF No. 12. As the Magistrate Judge noted in the Report, this argument has been addressed and rejected by the court in *Reeves v. Bodiford*, No. 0:26-cv-00114-CMC, and Petitioner has not asserted anything in his Petition or his objections to the Report that changes the analysis. ECF No. 9 at 4 n.4. As in *Reeves*, this case is distinguishable from *Gerstein* because an Indictment and Arrest Warrant were issued in this matter — both of which require a determination of probable cause. Order Ruling on Report and Recommendation, *Reeves*, No. 0:26-cv-00114-CMC (D.S.C. Mar. 25, 2026), ECF No. 15. Whereas in *Gerstein,* the plaintiff was arrested on an information

and held without a warrant. 420 U.S. 103, 116 (1975). Finally, the Court agrees with the Magistrate Judge that Petitioner may challenge the sufficiency of the warrants or indictments in his state criminal proceedings. Accordingly, Petitioner's objections are overruled under *Gerstein*.

Petitioner's remaining objections, liberally construed, fail to address the Report's findings and recommendations. Nevertheless, out of an abundance of caution for the *pro se* party, the Court has conducted a *de novo* review of the entire Report, the record, and applicable law.

## CONCLUSION

Having thoroughly reviewed the Report and Recommendation and the record in this case, and the applicable law, the Court accepts the Report and Recommendation of the Magistrate Judge on all grounds and incorporates it by reference. Accordingly, this action is summarily **DISMISSED** without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED**.

United States District Judge

November 18, 2026
Columbia, South Carolina

## CERTIFICATE OF APPEALABILITY

Under the rules governing § 2254 Cases, the district court must issue or deny a certificate of appealability when the district court enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases. These rules also apply to habeas petitions filed pursuant to sections other than § 2254. *See* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254). Without "a substantial showing of the denial of a constitutional right," the district court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a

constitutional right is made when the district court denies relief on the merits and reasonable jurist would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). The showing is also made when the court denies relief on procedural grounds and the petitioner demonstrates both the dispositive procedural ruling is debatable and the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. Having adopted the reasoning in the Report, the Court has determined the legal standard for the issuance of a certificate of appealability has not been met and therefore denies issuing the same.